UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   v.<br><br>PABLO IBARRA-MEDINA,<br><br>                 Defendant. | Case No. 09cr3713-DMS<br><br>PRELIMINARY ORDER<br>OF CRIMINAL FORFEITURE |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific property of the above-named Defendant pursuant to Title 31 United States Code, Section 5316; and

WHEREAS, on or about September 29, 2009, the above-named Defendant, PABLO IBARRA-MEDINA ("Defendant"), pled guilty before Magistrate Judge William McCurine, Jr. to the Information, which charged the defendant as follows:

> On or about September 8, 2009, within the Southern District of California, defendant PABLO IBARRA-MEDINA, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, knowingly and intentionally failed to declare more than $10,000 in United States currency, to wit, a total of approximately $51,346.00 in United States currency, and transported, transferred or attempted to transport or transfer such currency from a place within the United States to a place outside the United States, to wit, the Republic of Mexico; in violation of Title 31, United States Code, Section 5332(a)(1).

//

//

1 | In addition, the defendant agreed to an immediate entry of a preliminary order of forfeiture as to $50,300.00 in United States currency which was seized from him on or about September 8, 2009; and

4 | WHEREAS, on or about November 18, 2009, the plea of the Defendant was accepted by the U.S. District Court; and

6 | WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited property and the offense; and

8 | WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said property, pursuant to 31 United States Code, Sections 5316 and 5324 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

11 | WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the following property which was found forfeitable by the Court, namely:

13 | **(1)    $50,300.00 in U.S. currency; and**

14 | WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

16 | Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

17 | 1.    Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following asset, and all right, title and interest of Defendant PABLO IBARRA-MEDINA in the following property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 United States Code, Section 853(n):

22 | **(1)    $50,300.00 in U.S. currency**.

23 | 2.    The aforementioned forfeited asset is to be held by the United States Immigration and Customs Enforcement in its secure custody and control.

25 | 3.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

28 | //

4.      Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States Immigration and Customs Enforcement's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6.      The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that are the subject of the Preliminary Order of Criminal Forfeiture.

7.      Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 United States Code, Section 853(n), in which all interests will be addressed.

DATED:  December 29, 2009

_____
HON. DANA M. SABRAW
United States District Judge